Jamaica Station
Jamaica, NY 11435-4380

Patrick A. Nowakowski
President

Richard L. Gans
Vice President - General Counsel & Secretary

 **Long Island Rail Road**

November 25, 2015

<u>VIA ECF</u>

Honorable Magistrate Judge Arlene R. Lindsay
United States District Court
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York   11722-4451

   Re: **Vrazel v. LIRR**
     **LIRR v. Scheidt & Bachmann, GMBH, et al.**
     **Docket No. 14-CV-6209 (ADS)(ARL)**

Your Honor:

I am writing on behalf of The Long Island Rail Road Company ("LIRR") to request a Pre-Motion Conference in the above-referenced matter concerning a discovery dispute that has arisen between the parties, LIRR, defendant-third party plaintiff and Scheidt & Bachmann, GMBH, and, Scheidt & Bachmann, USA, Inc., third party defendants ("S&B").   Plaintiff, Charles Vrazel, a sixty year old LIRR Ticket Clerk in the Transportation Department brings this action under the Federal Employer's Liability Act, Title 45 U.S. Ct. §51-60 ("FELA") for damages for personal injuries sustained on August 31, 2013 while working as a Ticket Clerk at LIRR Penn Station, New York. The LIRR seeks to move for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure to prevent the deposition of its undersigned attorney, Karla R. Alston.

Plaintiff alleged that while he was using a Ticket Office Machine ("TOM") designated #1243 to sell tickets to LIRR customers, he was caused to suffer electric shock and be injured.  His complaint further alleges that the LIRR, its servants, agents, and/or employees were careless and negligent in causing and permitting TOM #1243 to be improperly tested, inspected, checked and maintained and that the ticket machine was unsafe for expected use.  The LIRR denied in its answer that it was negligent in the testing, inspection and maintenance of the subject TOM machine and denied liability under the FELA.

The plaintiff and LIRR had exchanged document discovery, including the maintenance contract between LIRR and S&B, and conducted a site inspection of TOM #1243.   During the course of discovery, the LIRR ascertained that Scheidt & Bachmann, GMBH, manufactured TOM #1243 and Scheidt & Bachmann, USA, Inc., serviced the subject TOM involved in plaintiff's accident and injuries and were necessary parties to this litigation.  The LIRR commenced a third party action against third-party defendants in May , 2015.

Honorable Magistrate Judge Arlene R. Lindsay
November 25, 2015
Page 2

On June 8, 2015 the LIRR with the consent of plaintiff by his attorney Michael D. Flynn, Esq. sought an extension of the discovery deadline, to allow time for S&B to appear and permit all the parties to conduct discovery, depositions, the medical examination of plaintiff and expert discovery. Thereafter, the parties exchanged document discovery with S&B.

On November 12, 2015 the LIRR received notices of depositions for three employees, Chief Ticket Sellers James Dugan and Howard Gadsby and Ticket Seller Jeffrey Carter, who were working at Penn Station on the date of plaintiff's accident. The depositions were originally noticed for December 2, 2015 but the parties on consent, plaintiff by his attorney, Valerie J. Lauriello, Esq., S&B by their attorney William B. Brennan, Esq. and Karla Alston, for the LIRR, held a telephone conference on November 24, 2015 to arrange a mutually convenient date for the depositions to proceed. We agreed to conduct the depositions of the above witnesses on December 17 and 18.

Third party defendants also served a Notice of Deposition on LIRR pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure to take a deposition upon oral examination of "one of more officers, directors, agents or other representatives who shall be designated to testify on LIRR's behalf regarding all information known to or reasonably available to LIRR" with respect to the following subject matters:

**The deponent(s) shall be prepared to address the following topics**

1. The allegations in LIRR's Third-Party Complaint and the denials and affirmative defenses in LIRR's Answer to the Complaint.
2. LIRR's Amended Response to Third-Party Defendants' First Set of Interrogatories.
3. LIRR's Response to Third-Party Defendants' First Set of Document Request.
4. LIRR's search for responsive documents and information in response to Scheidt & Bachman's discovery requests.
5. Contract No. 9284.
6. TOM 1243, including its design, manufacture, and maintenance history.
7. Scheidt & Bachman's inspection, maintenance, and repair of TOM 1243.
8. Vrazel's employment history.
9. The accident that Vrazel allegedly suffered on August 31, 2013, and LIRR's investigation of that accident.
10. LIRR's systems for storing and retrieving ESI.

The discovery dispute has arisen however, concerning S&B's service of a Notice of Deposition to take my deposition on December 2, 2015 with respect to Items #1-4 above. I had a conversation with Mr. Brennan on November 9, indicating that the LIRR will produce the fact witnesses. I asked Mr. Brennan why he served a deposition notice on me. He stated that he served me since I verified the LIRR Answer, Third Party Complaint and LIRR's response to S&B's interrogatories.

Honorable Magistrate Judge Arlene R. Lindsay
November 25, 2015
Page 3

He also indicated that if he obtained the information he was seeking from the witnesses produced by the LIRR that he may not need to take my deposition.

Yesterday afternoon when I contacted Mr. Brennan to discuss the LIRR's request for a short adjournment of the depositions of the witnesses on duty the day of plaintiff's accident, due to my office's inability to confirm their availability for December 1st, Mr. Brennan still insisted that he was entitled to conduct my deposition on December 2.   I re-inquired why he needed my deposition since I not a fact witness, had no personal knowledge of the events and circumstances of the accident and provided discovery documents as an agent of a public corporation as per Civil Rules of Civil Procedure Rule 33(b)(i)(B).   He insisted that we proceed on December 2nd.   I informed Mr. Brennan that the LIRR would move for a protective order.

The LIRR submits that third-party defendants are not entitled to depose the attorney for the party under the facts and circumstances of this action, due to the considerations of attorney-client privilege, attorney work product and third party defendant's failure to demonstrate that they cannot obtain the required information and documents sought directly from other witnesses or custodians of documentation.   See, In Re:   Subpoena Issued to Dennis Friedman, Esq., 30 F.3d. 65, (2d Cir. 2003); N.Y. Indep. Contrs. Alliance, Inc. v. Highway Rd. & St. Constr. Laborers Local Union 1010, 2008 U.S. Dist. LEXIS 95328 (E.D.N.Y. 2008); Sea Tow Int'l., Inc. v. Pontin, 246 F.R.D. 421 (E.D.N.Y. 2007); Pasty's Italian Rest., Inc. v. Banas, 2007 U.S. Dist. LEXIS 41124 (E.D.N.Y. 2007); and Creditsights Inc. v. Ciasullo, 2009 U.S. Dist. LEXIS 106469 (S.D.N.Y. 2009).

In short, the LIRR contends that the Notice of Deposition for Karla Alston is totally improper and should be denied in its entirety.

Very truly yours,

Karla R. Alston
General Attorney
(718) 558-7760

KRA:ro

cc:     Michael D. Flynn, Esq.
        *Attorney for Plaintiff*

        William J. Brennan, Esq.
        Sedgwick, LLP
        *Attorney for Third-Party Defendants*