**UNITED STATES DISTRICT COURT**         **14 CV 6209**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X      **J SPATT**
**CHARLES VRAZEL,**                                  **MJ LINDSAY**

                          Plaintiff,

            -against-                             **JOINT**
                                                      **PRE TRIAL**
**LONG ISLAND RAIL ROAD COMPANY**          **ORDER**

                         Defendant.
-------------------------------------------------------------------
LONG ISLAND RAIL ROAD COMPANY,

                  Third-Party Plaintiff,

            -against-

SCHEIDT & BACHMAN GMBH and SCHEIDT &
BACHMAN USA, INC.,

                  Third-Party Defendants,

---------------------------------------------------------------------X

**1. Parties and Counsel.**

Plaintiff, Charles Vrazel, is represented by FLYNN & LAURIELLO PLLC,

5 Penn Plaza, 23rd Floor, New York, NY 10001, 212-896-3812, Fax: 212-866-3813,

Trial counsel: Michael D. Flynn, Esq. and Valerie J. Lauriello, Esq.

Defendant and Third-party Plaintiff, LONG ISLAND RAIL ROAD COMPANY, is

represented by RICHARD L. GANS, Esq., by trial counsel KARLA ALSTON, Esq..

Jamaica Station, Jamaica, NY 11435, 718-558-8235, Fax 718-558-8211.

VRAZEL v. LIRR v. SCHEIDT & BACHMAN GMBH et ano, USDC, EDNY,
CV 14 6763, ADS ARL
JOINT PRETRIAL v ORDER                                           1

Third-Party Defendant, SCHEIDT & BACHMAN GMBH and SCHEIDT &

BACHMAN USA, INC., (collectively, "Scheidt & Bachman)  is represented by Sedgwick

LLP, by trial counsel William Brennan, Esq., 225 Liberty Street, 28th Floor, New York,

NY 10281.


**2. Jurisdiction:**

2.1. In the principal action, VRAZEL v. LIRR:

> There are no jurisdictional objections or defenses.

> Defendant LIRR concedes Subject Matter Jurisdiction, predicated on Federal
>
> Question Jurisdiction, 28 USC 1331.

> Plaintiff's cause of action against the defendant, LONG ISLAND RAIL ROAD
>
> COMPANY, arises under the Act of Congress of April 22, 1908, Chapter 149, 35
>
> Statute 65, as amended, commonly known as the Federal Employers' Liability
>
> Act (FELA),  45 USCA, Chapters 1 and 2.


2.2. In the third-party action, LIRR v. SCHEIDT & BACHMAN GMBH and SCHEIDT &

BACHMAN USA, INC.,

> There are no jurisdictional objections or defenses known at this time.

Third-Party defendant SCHEIDT & BACHMAN GMBH and SCHEIDT &

BACHMAN USA, INC., concedes Subject Matter Jurisdiction, predicated on,

28 U.S.C. § 1367.  SCHEIDT & BACHMAN GMBH is incorporated in the Federal

Republic of Germany, and SCHEIDT & BACHMAN USA, INC., is a Delaware

corporation.

**3.   Summary of Plaintiff's Liability, Injury, and Damages Claims.**

**3.1.  Summary of Plaintiff's Liability Claims:**

Plaintiff's liability claims are predicated upon defendant's alleged violation of the:

Federal Employers' Liability Act, 45 USCA Sec. 51 *et seq.*, and 45 USCA Chapter 2;

plaintiff alleges defendant was negligent in failing to provide a safe workplace and safe

tools and safe devices with which to work, causing plaintiff's injuries.

On August 31, 2013, Charles Vrazel was operating a Ticket Office Machine ("TOM") in

the course of his employment.  Charles Vrazel reported that he was receiving electrical

shocks from TOM 1243 to a supervisor, James Dugan. Dugan told Vrazel to keep

working while using TOM 1243 while Dugan reported the situation to his supervisor.

Vrazel continued working and sustained an electrical shock that jerked him back,

injuring his neck. The source of the electrical shock was a broken grounding pin in the

standard three-prong plug of the TOM's Uninterruptible Power Supply.

### 3.2. Summary of Plaintiff's Injuries:

Succinctly:

Electrical shock.

Electrical trauma.

Trauma, neck.

Trauma, left upper extremity.

Cervical spine herniated discs: C3/4 to C7/T1.

Cervical spine pathology.

Cervical injury of asymptomatic, quiescent stable cervical spine.

Bilateral cervical myeloradiculopathy with upper and lower extremities weakness.

Cervical myelopathy.

Cervical spine surgery,

Posterior cervical fusion, C3-C4, C4-C5, C5-C6, C6-C7, C7-T1.

Posterior cervical instrumentation C3 to C7 and C7 to T1.

Bone graft, Allograft.

Resection of posterior bone.

Bone Graft, Auotgraft.

Suturing.

Surgical scaring internal and external.

Brachial neuritis.

Cervical Radiculitis.

Numbness and tingling upper extremities

Vocational, social and economic impairment and disability.

Injuries to the nerves, bones, tissues, blood vessels, tendons, ligaments and muscles in and about the injured areas.

Pain, weakness, swelling, stiffness and tenderness, with loss and restriction of motion and strength, loss and restriction of use and function, and loss and diminishment of sensation, in and about the injured areas.

These injuries are permanent in nature, with permanent physical, economic, vocational and social disability.

**3.3.  Summary of Plaintiff's  Damages:**

Past pain and suffering:          $ 2,000,000.00

Future pain and Suffering:       $ 2,000,000.00

Past lost wages:                       $     50,000.00

Future lost wages                    $  subject to medical testimony

Past medical expenses                $ no claim at this time, paid by defendant LIRR

Future medical expenses.             $   subject to medical testimony

## 3.4.  Summary of Defendant's Defenses:

The defendant provided plaintiff with a reasonably safe workplace and denies that

plaintiff's alleged injuries were caused by defendant's claimed negligence.  The

defendant possessed no notice of the alleged condition.  Defendant further disputes the

nature, extent , severity and permanency of plaintiff's alleged injuries, and asserts that

plaintiff has failed to mitigate his damage herein.

## 3.5.  Summary of Third-Party Defendant's Defenses:

LIRR apparently initiated this third-party claim against Scheidt & Bachman

because Scheidt & Bachman had sold the Ticket Office Machine at issue to LIRR

years previously, and continued to service it.  A post-accident investigation,

however, revealed that this equipment became improperly electrified due solely

to a broken grounding pin in its power supply's standard three-prong plug.  No

evidence links the broken grounding pin to Scheidt & Bachman's work and LIRR

admits that it does not know of any misconduct by Scheidt & Bachman that

caused Vrazel's injury. In fact, the available evidence strongly suggests that the

grounding pin was broken by an unknown LIRR employee.  LIRR's Third-Party

Complaint alleged that Scheidt & Bachman should be required to pay for LIRR's liability to Vrazel because either (1) some unspecified negligence by Scheidt & Bachman caused Vrazel's injury; or (2) Scheidt & Bachman had promised to indemnify LIRR for "any and all claims and expense … on account of loss and liability for bodily injuries."  All of LIRR's third-party claims—common law indemnification, contribution, and contractual indemnification—put the burden on LIRR to supply proof of these allegations.  During discovery, however, LIRR admitted that it lacks any evidence supporting these allegations.  Because LIRR has admitted Scheidt & Bachman was not at fault in Vrazel's injury, and has no admissible evidence supporting its contract claim, Scheidt & Bachman is entitled to judgment in its favor.

Scheidt & Bachman retracts its Seventh, Eighth, Ninth, and Tenth Affirmative Defenses, but continues to assert its remaining Affirmative Defenses.  In particular, Scheidt and Bachman asserts that LIRR has failed to mitigate its damages by failing to properly investigate and challenge Vrazel's claimed damages, and that LIRR's damages must be diminished by the proportion which LIRR's culpable conduct bears to the culpable conduct which caused the damages (CPLR § 1411).

**4.  Jury Trial.**

The principal action will be a 2-3 day trial.

Scheidt & Bachman estimates that the third-party claim will require one or two days.

**5.  No Consent To Trial Before The Magistrate.**

**6.  Stipulated Facts.**

6.1. On August 31, 2013, plaintiff CHARLES VRAZEL was employed by defendant

LONG ISLAND RAIL ROAD COMPANY, hereinafter, LIRR, as a LIRR ticket seller at

Penn Station, New York.

6. 2. On August 31, 2013, plaintiff was a LIRR ticket seller in the course and scope of

his work from and for the defendant.

6.3. On August 31, 2013, the LIRR was a public benefit corporation duly organized and

existing under by virtue of the laws of the State of New York and was doing business

within the jurisdiction of this Court as an interstate carrier by railroad.

6.4.  On August 31, 2013, plaintiff and defendant LIRR were engaged in the furtherance

of the business of the defendant railroad, to wit., the transportation of interstate

commerce.

6.5.  Plaintiff's cause of action against the defendant arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers' Liability Act, 45 USCA, Chaps. 1 and 2, and the rules and regulations promulgated thereunder.

6.6.  On August 31, 2013, plaintiff was a LIRR ticket seller assigned, by the LIRR, its agents and/or employees, to use LIRR ticket office machine (TOM) 1243 at Penn Station, New York.

6.7. On August 31, 2013, LIRR TOM 1243 printed and dispensed the tickets for passengers to use on LIRR trains.

6.8. On August 31, 2013, LIRR TOM 1243 was to be operated only when its electrical power supply included a electrical grounding wire.

6.9.  On August 31, 2013, plaintiff notified LIRR supervisor James Dugan that TOM 1243 was giving plaintiff electrical shocks.

6.10.  On  August 31, 2013, after plaintiff notified LIRR Supervisor Dugan that TOM 1243 was giving plaintiff electrical shocks, Supervisor Dugan directed plaintiff to continue to work with TOM 1243.

6.11. In the morning of August 31, 2013, after plaintiff notified LIRR Supervisor Dugan that TOM 1243 was giving plaintiff electrical shocks, Supervisor Dugan directed plaintiff

to continue to work with TOM 1243, and plaintiff received a shock that made him jerk his head back, allegedly causing a neck injury and tingling in his fingers.

6.12. On September 1, 2013, the LIRR learned that the source of the August 31, 2013 electrical shocks problem with TOM 1243 was identified as a broken grounding pin on the standard three-prong plug on the power cord for TOM 1243's Uninterruptible Power Supply

6.13. LIRR had not been aware that TOM 1243 was giving electrical shocks to its employees, or having any problems at all, until the time of Vrazel's injury on August 31, 2013.

6.14. LIRR did not notify Scheidt & Bachman of the electrical shock problem with TOM 1243 until after Vrazel reported receiving electrical shocks on August 31, 2013.

6.15. When Scheidt & Bachman's repair technician arrived during the afternoon of August 31, 2013, TOM 1243 had already been taken out of service.

6.16. TOM 1243 remained out of service until the next day, when Scheidt & Bachman's repair technician identified the source of the problem as a broken grounding pin on the three-prong plug on the power cord running from the Eaton-made UPS to the wall socket.

6.17. LIRR did not investigate what caused the grounding pin to break and does not

know why that grounding pin broke.

6.18. There is no evidence of any misconduct by Scheidt & Bachman that caused Vrazel's injury.

**7.  Plaintiff's Witnesses.**

7.1.  Charles Vrazel, plaintiff.  Plaintiff will testify in person as to the happening of the accident, his injuries, care, treatment, disabilities, pain and suffering, loss of enjoyment of life, economic, social and vocational disabilities, all claims of damages.

7.2.  Shelly Vrazel, plaintiff's wife, will testify in person as to her knowledge of plaintiff's pre-accident condition, post –accident condition, plaintiff's injuries, care, treatment and damages.

7.3.  Jeffrey Carter, LIRR Ticket Seller ,will be called to testify as to the happening of the accident, the nature of the work being performed, the tools being used, notice and the nature an extent of plaintiff's injuries.

7.4.  Howard Gadsby, LIRR Ticket Seller, will be called to testify as to the happening of the accident, the nature of the work being performed, the tools being used, notice and the nature an extent of plaintiff's injuries.

7.5.  James Dugan, LIRR Chief Ticket Seller, will be called to testify as to his work directions to plaintiff, notice of the electrical shocks from TOM 1243 on August 31, 2104, the happening of the accident, the nature of the work being performed, the tools being used, notice and the nature an extent of plaintiff's injuries.

7.6.  TOM technician, Angelo Zuardo, who repaired the TOM 1243 after the accident, removed parts and replaced parts.

7.7.  Health care providers Health care providers from NSLIJ, Franklin General Hospital, 900 Franklin Avenue, Valley Stream, NY 11580, who treated and rendered care to plaintiff for surgical cervical laminectomy and fusion.  Admission on September 23, 2014 and discharge September 26, 2014, and a record witness, will testify in person, relative to plaintiff's August 31, 2013, accident and injuries; including history, examinations, complaints by the patient, findings, diagnostic tests, prescribed medications, surgeries, x-rays, MRI's, CT scans, care, treatments, referrals, disabilities, permanency of injuries, care and treatment, diagnosis, causation, and prognosis.

7.8.  Dr. Karen Avanesov, Total Orthopaedics, 5500 Merrick Road, Massapequa, NY 11758, treating spinal surgeon, will testify, accident and injuries; including history, examinations, complaints by the patient, findings, diagnostic tests, prescribed medications, surgeries, x-rays, MRI's, CT scans, care, treatments, referrals, disabilities,

permanency of injuries, nerve damage, contact lens use, care and treatment, diagnosis, causation, and prognosis.

7.9.  Dr. Luis Alejo, Total Orthopaedics, 5500 Merrick Road, Massapequa, NY 11758, treating physiatrist, will testify, accident and injuries; including history, examinations, complaints by the patient, findings, diagnostic tests, prescribed medications, surgeries, x-rays, MRI's, CT scans, care, treatments, referrals, disabilities, permanency of injuries, nerve damage, contact lens use, care and treatment, diagnosis, causation, and prognosis.

7.10.  Dr. Elizabeth Morrison, Total Orthopaedics, 5500 Merrick Road, Massapequa, NY 11758, treating physician, will testify, accident and injuries; including history, examinations, complaints by the patient, findings, diagnostic tests, prescribed medications, surgeries, x-rays, MRI's, CT scans, care, treatments, referrals, disabilities, permanency of injuries, nerve damage, contact lens use, care and treatment, diagnosis, causation, and prognosis.

7.11.  Dr. Aristide Burducea, Total Orthopaedics, 5500 Merrick Road, Massapequa, NY 11758, treating physician, will testify, accident and injuries; including history, examinations, complaints by the patient, findings, diagnostic tests, prescribed medications, surgeries, x-rays, MRI's, CT scans, care, treatments, referrals, disabilities,

permanency of injuries, nerve damage, contact lens use, care and treatment, diagnosis, causation, and prognosis.

7.12.  Health care providers from Park Physical Therapy who treated and rendered care to plaintiff for physical therapy from May 9, 2014 to date and continuing, except for pre and post operative break, and a record witness.

7.13.  Dr. Harold M. Tice, Stand-Up MRI of Melville, 110 Marcus Drive, Melville, NY 11747, MRI cervical spine February 12, 2014, treating radiologist.

## 8.  Defendant's Witnesses.

8.1. Howard Gadsby, LIRR Chief Ticket Seller, is expected to testify about his duties on the date of the accident, his personal knowledge and the details of the subject accident reported to him.

8.2. James Dugan, LIRR Chief Ticket Seller is expected to testify about his duties on the date of accident and his personal knowledge and investigation of the subject accident.

8.3. Jeffrey Carter, LIRR Ticket Seller, is expected to testify about his duties on the date of accident and his personal knowledge about the subject accident.

8.4. Julie Lam, LIRR Manager on Duty, is expected to testify about her duties on the date of accident and her personal knowledge concerning the circumstances of the subject accident.

8.5. Beth Sullivan, former LIRR Terminal Manager of Station Operations, who is expected to testify concerning the relevant and applicable contract terms.

8.6. Richard Mendelson, LIRR Assistant Terminal Manager, is expected to testify about his duties on the date of accident, his personal knowledge concerning the circumstances of the subject accident and his investigation.

8.7. Kevin Wylie, LIRR's Senior Manager of Ticket Selling Operations, is expected to testify about his duties on the date of accident and his personal knowledge concerning the circumstances of the subject accident.

8.8. Dr. Harvey Manes, M.D., who conducted an examination of plaintiff at defendant's requests, will testify concerning the physical examination, his findings regarding treating physician records, diagnostic exam or tests, and diagnosis and prognosis of injuries.

**9. Third-Party Defendant's Witnesses.**

In addition to witnesses listed by the Plaintiff and Third-Party Plaintiff, the Third-Party Defendants expects to call:

9.1.  Kevin Wylie, concerning any alleged indemnification agreement between LIRR and Scheidt & Bachman

9.2.  James Dugan, LIRR employee, concerning the plaintiff's accident, and the Ticket Office Machine

9.3. Angelo Zuardo, Repair Technician for Scheidt & Bachman, concerning the pre-accident condition of TOM 1243 and its UPS, and the post-accident investigation of TOM 1243 and its UPS.

9.4. Daniel Montoya, Repair Technician for Scheidt & Bachman, concerning the pre-accident condition of TOM 1243 and its UPS.

9.5. Lars Rembold, Scheidt & Bachman employee, concerning the parties' understanding of the relevant contract terms.

## 10. Deposition Testimony.

10.1. Plaintiff: none.

10.2. Defendant: none.

10.3. Third-party defendant:

Deposition of December 17, 2015 of LIRR by Jeffrey Carter.

Deposition of December 17, 2015 of LIRR by James Dugan.

Deposition of December 17, 2015 of LIRR by Richard Mendelsohn.

Deposition of December 17, 2015 of LIRR by Kevin Wylie.

**11.  Plaintiff's Exhibits. (\*Indicating admitted by stipulation.)**

Exhibit 1. \*LIRR AR-1 and AR 20 Accident/Incident Investigation, for plaintiff's accident of August 31, 2013 (subject to redaction).

Exhibit 2. Photograph of TOM 1243.

Exhibit 3. Photograph of TOM 1243.

Exhibit 4. Photograph of TOM 1243.

Exhibit 5. Photograph of TOM 1243.

Exhibit 6. Photograph of TOM 1243.

Exhibit 7. TOM 1243 ground plug removed from machine.

Exhibit 8. NSLIJ, Franklin General Hospital, 900 Franklin Avenue, Valley Stream, NY 11580, who treated and rendered care to plaintiff for surgical cervical laminectomy and fusion.  Admission on September 23, 2014 and discharge September 26, 2014, and a record witness, will testify in person, relative to plaintiff's August 31, 2013, accident and

injuries; including history, examinations, complaints by the patient, findings, diagnostic tests, prescribed medications, surgeries, x-rays, MRI's, CT scans, care, treatments, referrals, disabilities, permanency of injuries, care and treatment, diagnosis, causation, and prognosis.  (subject to redaction).

Exhibit 9. Records and reports Dr. Karen Avanesov, Total Orthopaedics, 5500 Merrick Road, Massapequa, NY 11758, treating spinal surgeon, , will testify , accident and injuries; including history, examinations, complaints by the patient, findings, diagnostic tests, prescribed medications, surgeries, x-rays, MRI's, CT scans, care, treatments, referrals, disabilities, permanency of injuries, nerve damage, contact lens use, care and treatment, diagnosis, causation, and prognosis (subject to redaction).

Exhibit 10. Dr. Luis Alejo, Total Orthopaedics, 5500 Merrick Road, Massapequa, NY 11758, treating physiatrist, will testify , accident and injuries; including history, examinations, complaints by the patient, findings, diagnostic tests, prescribed medications, surgeries, x-rays, MRI's, CT scans, care, treatments, referrals, disabilities, permanency of injuries, nerve damage, contact lens use, care and treatment, diagnosis, causation, and prognosis (subject to redaction).

Exhibit 11. Records and reports of Dr. Elizabeth Morrison, Total Orthopaedics, 5500 Merrick Road, Massapequa, NY 11758, treating physician., will testify , accident and injuries; including history, examinations, complaints by the patient, findings, diagnostic

tests, prescribed medications, surgeries, x-rays, MRI's, CT scans, care, treatments, referrals, disabilities, permanency of injuries, nerve damage, contact lens use, care and treatment, diagnosis, causation, and prognosis (subject to redaction).

Exhibit 12. Records and reports of Dr. Aristide Burducea, Total Orthopaedics, 5500 Merrick Road, Massapequa, NY 11758, treating physician., will testify , accident and injuries; including history, examinations, complaints by the patient, findings, diagnostic tests, prescribed medications, surgeries, x-rays, MRI's, CT scans, care, treatments, referrals, disabilities, permanency of injuries, nerve damage, contact lens use, care and treatment, diagnosis, causation, and prognosis.

Exhibit 13. Records and reports of Dr. Harold M. Tice, Stand-Up MRI of Melville, 110 Marcus Drive, Melville, NY 11747, MRI cervical spine February 12, 2014, treating radiologist.

Exhibit 14. Anatomical drawings and diagrams made or used by witnesses.

Exhibit 15. Anatomical models used by witnesses.

Exhibit 16. X-ray (View #1), post-operative showing surgically implanted hardware.

Exhibit 17. X-ray (View #2), post-operative showing surgically implanted hardware.

Exhibit 18. X-ray (View #3), post-operative showing surgically implanted hardware.

**12.  Defendant's Exhibits. (\*Indicating admitted by stipulation.)**

A.  LIRR Corporate Safety Rule 1300.1.10

B.  LIRR AR-1 Accident Report dated 8/31/13.

C.  LIRR Accident/Incident Investigation AR-20 Report, date of accident, 8/31/13.

D.  LIRR Accident/Incident Findings AR-21 Report, date of accident, 8/31/13.

E.  Contract #9284.

F.  LIRR Medical file.

G.  Certificate of Liability Insurance.

H.  Report of Harvey Manes, M.D.

I.  Scheidt and Bachmann repair records.


**13.  Third-party Defendants' Exhibits. (\*Indicating admitted by stipulation.)**

Third-Party Defendant reserves the right to introduce new or different exhibits if the

other parties introduce documents not previously produced or arguments not previously

raised.  Third-Party Defendant reserves the right to introduce any of the exhibits listed

by plaintiff or Third-Party Plaintiff herein, as well as:

Deposition Exhibit S&B 5

Deposition Exhibit S&B7

Deposition Exhibit S&B 8

Deposition Exhibit S&B 9

An exemplar Eaton UPS

VRAZEL v. LIRR v. SCHEIDT & BACHMAN GMBH et ano, USDC, EDNY,                    20
CV 14 6763, ADS ARL
JOINT PRETRIAL v ORDER

Deposition Exhibit S&B 10

Deposition Exhibit S&B 12

LIRR AR-1 and AR 20 Accident/Incident Investigation, for plaintiff's accident of August

31, 2013

Documents bates-numbered LIRR 33-106, and part of Deposition Exhibit 3.

Documents bates-numbered LIRR 133-183, and part of Deposition Exhibit 3.

Documents bates-numbered LIRR 302--307, and part of Deposition Exhibit 3.

Documents bates-numbered LIRR 468-479, and part of Deposition Exhibit 3.


**14.  Approval and consent of the attorneys for the parties.**

Approved and consented to:                    Approved and consented to:

*Valerie J. Lauriello /s/*                        *Karla R. Alston /s/*


_____                       _____
Attorneys for Plaintiff                           Attorney for Defendant and
By: Valerie J. Lauriello                           Third-Party Plaintiff
April 29, 2016                                     By: Karla Alston, Esq.
                                                   Dated: April 29, 2016



Approved and consented to:

*William J. Brennan /s/*

_____
Attorneys for Third-Party Defendant
 By: William J. Brennan
Dated: April 29, 2016


VRAZEL v. LIRR v. SCHEIDT & BACHMAN GMBH et ano, USDC, EDNY,                21
CV 14 6763, ADS ARL
JOINT PRETRIAL v ORDER

SO ORDERED

Dated:  Central Islip, New York

April     , 2016

_____

*ARTHUR D. SPATT*
UNITED STATES DISTRICT COURT JUDGE