UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CHARLES VRAZEL,

                Plaintiff,

  -against-

LONG ISLAND RAILROAD COMPANY

                Defendant.
----------------------------------------------------------------x
LONG ISLAND RAILROAD COMPANY,

                Third Party Plaintiff,

  -against-

SCHEIDT & BACHMAN GMBH and SCHEIDT
& BACHMAN USA, INC.,

                Third Party Defendants.
----------------------------------------------------------------x

**FILED**
**CLERK**

11:03 am, Jun 13, 2017

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM OF
DECISION AND ORDER**
14-cv-6209 (ADS)(ARL)

**APPEARANCES:**

**Law Offices of Michael D. Flynn**
*Attorneys for the Plaintiff*
5 Penn Plaza
23rd Floor
New York, NY 10001
    By:    Valerie J. Lauriello, Esq., Of Counsel

**Karla R. Alston, Esq.**
*Corporate Counsel for the Defendant and Third Party Plaintiff*
93–02 Sutphin Boulevard
Jamaica, NY 11435

**Sedgewick LLP**
*Attorneys for the Third Party Defendants*
225 Liberty Street
28th Floor
New York, NY 10281
    By:    William J. Brennan, Esq., Of Counsel

**SPATT, District Judge**:

This case arises from allegations by the Plaintiff Charles Vrazel (the "Plaintiff" or "Vrazel") that he suffered injuries because of the negligence of his employer, the Defendant Long Island Rail Road (the "Defendant," the "Third Party Plaintiff" or the "LIRR"), in violation of the Federal Employers' Liability Act, 45 U.S.C. § 51 (the "FELA"). The Defendant LIRR subsequently filed a third party complaint against the Third Party Defendants Scheidt & Bachman GmbH and Scheidt & Bachman USA, Inc. (collectively, the "Third Party Defendants" or "S&B"), alleging three causes of action sounding in contributory negligence, common law indemnification, and contractual indemnification.

On November 8, 2016, the Court issued a memorandum of decision and order (the "Decision") granting in part, and denying in part a motion for summary judgment by S&B pursuant to Federal Rule of Civil Procedure 56 ("FED. R. CIV. P." or "Rule") 56. Specifically, the Court dismissed LIRR's common law indemnification claim, but found that triable issues of fact existed as to LIRR's common law contribution and contractual indemnification claims.

Presently before the Court is a motion by S&B pursuant to Local Civil Rule 6.3 asking the Court to reconsider its Decision, and for clarification on the Court's ruling. For the following reasons, S&B's motion is granted in part, and denied in part.

## I. DISCUSSION

### A. The Relevant Legal Standard

Local Civil Rule 6.3 provides that:

> Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth

> concisely the matters or controlling decisions which counsel believes the Court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the Court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the Court.

*Id.* "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The decision to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." Wilder v. News Corp., 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (internal quotation marks omitted) (quoting Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012)); *see also Shrader*, 70 F.3d at 257 (using an abuse of discretion standard to judge a district court's decision on a motion for reconsideration).

"[A] party may not advance new facts, issues[,] or arguments not previously presented to the Court on a motion for reconsideration." *Steinberg v. Elkman*, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (internal quotation marks omitted) (quoting Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001)). Nevertheless, reconsideration may be granted because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Luv n' Care Ltd. v. Goldberg Cohen, LLP*, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (internal quotation marks omitted) (quoting *Hollander v. Members of the Bd. of Regents*, 524 F. App'x 727, 729 (2d Cir. 2013) (summary order)); *accord Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

**B. Application to the Facts**

S&B argues for reconsideration on four grounds: 1) that the Court overlooked that LIRR admitted that it lacked evidence of any misconduct by S&B that caused Vrazel's injury; 2) the Court relied on LIRR's denials while overlooking LIRR's lack of evidence supporting these positions; 3) the Court overlooked that LIRR failed to make a sufficient showing as to essential elements of their claims for contractual indemnification and contribution; and 4) the Court found disputed issues of fact that were speculative and immaterial. In the alternative, S&B asks for clarification as to whether LIRR will be constrained to a claim for partial contractual indemnification at trial, as opposed to full indemnification. In opposition, LIRR contends that it has made a sufficient showing on each of its claims to present them to a jury, and that the Court's analysis was correct.

**1. As to LIRR's Contributory Negligence Claim**

As stated above, S&B's arguments can be distilled down to two points: that the Court overlooked that LIRR did not have any evidence of "misconduct" on S&B's part, and that LIRR therefore cannot make a sufficient showing on its contributory negligence claim. Here, the Court finds no clear error, and S&B does not point to any change in the law or the availability of new evidence.

LIRR admitted in its Statement of Material Facts ("SMF") that it was not aware of any misconduct that caused Vrazel's injury. S&B argues that this fact alone should have resulted in summary judgment in its favor on LIRR's contribution claim.

The Court did not clearly address this contention in its Decision because it is unclear to the Court how LIRR's knowledge of any misconduct on S&B's part relates to whether S&B breached a duty of care to Vrazel.

4

First, misconduct is an extremely vague term which implies wrongdoing. A breach of the duty of care does not require misconduct from the individual who breaches their duty.

Second, as the decision made clear, there is a question of fact as to when Ticket Office Machine (TOM) 1243 began malfunctioning. In order to prevail on a motion for summary judgment, S&B would have to show that there was no question of fact that S&B breached its duty to Vrazel. In this regard, the Decision listed several reasons, citing to admissible evidence, why a question of fact remains as to whether S&B is liable for contribution.

S&B manufactures the TOMs, repairs them, and services them—including TOM 1243. S&B serviced TOM 1243 at least two times in the six months before the incident. TOM 1243 allegedly shocked Vrazel, causing injuries. When S&B serviced the TOM after it shocked Vrazel, it initially apparently misdiagnosed the problem. The only individuals who touched the electrical components of TOM 1243 or its UPS are S&B workers. In effect, S&B asked the Court in its motion for summary judgment to engage in speculation—because LIRR employees sometimes kick or move the TOMs, S&B claims that is what happened in this situation. However, there is no such evidence. The evidence shows that S&B workers touched and moved TOM 1243; that on at least one occasion S&B workers misdiagnosed electrical issues; and that TOM 1243 shocked Vrazel. Why it shocked Vrazel is unclear, and a trial should further illuminate that question.

The Court finds S&B's arguments about LIRR's 56.1 Statement similarly unavailing. The 56.1 Statements are not evidence; they are vehicles to help the Court. While parties may be bound by admissions or denials in 56.1 Statements, those statements must in fact be supported by admissible evidence. *See Baity v. Kralik*, 51 F. Supp. 3d 414, 421 (S.D.N.Y. 2014) ("the Court has only relied upon uncontroverted paragraphs of Defendants' Rule 56.1 Statement where the record evidence duly supports Defendants' contentions."); *Johnson v. IAC/Interactive Corp.*, 2 F.

5

Supp. 3d 504, 508 (S.D.N.Y. 2014) (stating that the Court was "mindful that [t]he local rule does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." (internal citations and quotation marks omitted)); *Berdugo v. City of New York,* No. 03 Civ. 7319, 2004 WL 1900357, at *1 (S.D.N.Y. Aug. 23, 2004) (where the plaintiff failed to follow requirements of Local Rule 56.1, the defendants' statements of facts were deemed to be admitted, but only to the extent that they were supported by the record).

While LIRR failed in several instances to cite to the correct specific evidence in several of its 56.1 denials, the Court conducted a careful review of the evidence. Similarly, the Court did not overlook anything in the 56.1 Statements. "All materials and arguments submitted in support of (or in opposition to) a motion are presumed to have been considered by the Court." *In re CRM Holdings, Ltd. Sec. Litig.*, 2013 U.S. Dist. LEXIS 30116, *13, 2013 WL 787970 (S.D.N.Y. Mar. 4, 2013) (quoting *Pereira v. Aetna Cas. & Surety Co. (In re Payroll Express Corp.)*, No. 95 CIV 4385, 1997 U.S. Dist. LEXIS 12971, 1997 WL 539777, at *1 (S.D.N.Y. Aug. 28, 1997)).

S&B's motion merely "regurgitate[s] [] arguments that this Court previously rejected. . . . [The] arguments have gained nothing in persuasiveness in the interim." *Charter Oak Fire Ins. Co. ex rel. Milton Fabrics v. Nat'l Wholesale Liquidators*, No. 99 CIV. 5756 (JSR), 2003 WL 22455321, at *1 (S.D.N.Y. Oct. 29, 2003) (citing *Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

Therefore, S&B's motion for reconsideration of its motion for summary judgment with regard to LIRR's contributory negligence claim is denied.

## 2. As to LIRR's Contractual Indemnification Claim

S&B's arguments on LIRR's contractual indemnification claim track those listed above in support of reconsideration of LIRR's contributory negligence claim. However, here, the Court finds that there was clear error in the Court's Decision. Upon reconsideration, the Court grants S&B's motion for summary judgment on LIRR's contractual indemnification claim.

A party opposing summary judgment must demonstrate that it can establish the elements essential to the claim. The Court accepted LIRR's blanket denials, and apparently mischaracterized LIRR's fact witness. In this regard, the Court created an issue of fact where there was none.

LIRR has not presented any admissible evidence demonstrating that S&B owes a contractual duty to indemnify LIRR. The contract was not entered into evidence; there was no testimony that LIRR was an indemnified party under the terms of the contract; the only testimony regarding the contract was from LIRR's Rule 30(b)(6) witness, Kevin Wylie, who said that he did not know whether LIRR was an indemnified party under the contract with S&B. LIRR offered a certificate of liability insurance as evidence that S&B had to indemnify them, but the certificate is not a contract, and it explicitly says that it "is issued as a matter of information only and confers no rights upon the certificate holder." (LIRR's Ex. D).

As a matter of last resort, LIRR points to the allegations in its third party complaint as evidence, but a complaint that is not verified cannot serve as evidence to contest a motion for summary judgment. *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) ("A verified complaint is to be treated as an affidavit for summary judgment purposes, and therefore will be considered in determining whether material issues of fact exist, provided that it meets the other requirements for an affidavit under Rule 56[]" (citing, inter alia, 5A Charles A. Wright & Arthur R. Miller,

*Federal Practice and Procedure* § 1339, at 152 (1990) (noting that a verified pleading may serve as an affidavit only if it contains facts known to be true in the affiant's own knowledge and if it has a certain level of factual specificity)).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). Therefore, on the evidence before the Court, no jury could find for LIRR on this issue because there is no evidence that LIRR is an indemnified party under the contract.

Said differently,

> [w]hen the moving party has pointed to the absence of evidence to support an essential element on which the party opposing summary judgment has the burden of proof, the opposing party, in order to avoid summary judgment, must show the presence of a genuine issue by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in his favor, to establish the existence of that element at trial.

*United States v. Rem,* 38 F.3d 634, 643 (2d Cir. 1994). Here, S&B has pointed to an absence of evidence supporting LIRR's contractual indemnification claim, and LIRR has not presented any evidence from which the Court may draw any inference.

While it is S&B's burden as the movant to demonstrate the absence of a material fact, LIRR must demonstrate that there is evidence upon which a jury could find in its favor. The Court erroneously placed the burden on S&B to present evidence, and LIRR does the same now. The standard sought by the LIRR could prevent any defendant against whom there was no evidence from ever prevailing on a motion for summary judgment. LIRR has presented no testimonial evidence or documentary evidence to support its claim.

Therefore, as set forth above, LIRR has not presented any evidence to support its contractual indemnification claim and the claim cannot be sustained. Accordingly, upon

reconsideration, S&B's motion for summary judgment pursuant to Rule 56 dismissing LIRR's contractual indemnification claim is granted.

## II. CONCLUSION

For the reasons stated above, S&B's motion for reconsideration is granted in part and denied in part. It is granted to the extent that its motion for summary judgment dismissing LIRR's contractual indemnification claim pursuant to Rule 56 is granted. It is denied to the extent that LIRR has presented sufficient facts for its contributory negligence claim to be presented to a jury.

It is **SO ORDERED:**

Dated: Central Islip, New York

June 13, 2017

                                                                        */s/ Arthur D. Spatt*

                                                                        ARTHUR D. SPATT

                                                                  United States District Judge